UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON STERN,<br><br>            Plaintiff,<br><br>   - against -<br><br>MORRIS DOUG JAFFE,<br><br>            Defendant. | 04 CIV 08242<br>Hon. Colleen McMahon<br>ECF Case<br><br>**ANSWER** |

Defendant, **MORRIS DOUGLAS JAFFE III,** by his attorneys, **PIPER RUDNICK LLP**, answering the Verified Complaint of the Plaintiff, respectfully states and alleges:

### ANSWERING THE GENERAL ALLEGATIONS, MORRIS DOUGLAS JAFFE III STATES:

1. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph of the Verified Complaint numbered "1."

2. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph of the Verified Complaint numbered "2."

3. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "3," but admits Defendant Morris Douglas Jaffe III visited a club known as Marquee on or about June 18, 2004.

4. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "4," but admits that Defendant Morris Douglas Jaffe III was involved in an altercation with another individual at a club know as Marquee on or about June 18, 2004.

5. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "5."

6. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "6."

7. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "7."

### FOR A CAUSE OF ACTION FOR BATTERY, MORRIS DOUGLAS JAFFE III STATES:

8. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraphs of the Verified Complaint numbered "1" through "7."

9. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "9."

10. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "10."

11. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "11."

12. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "12."

13. Denies each and every allegation contained in paragraph of the Verified Complaint numbered "13."

Newy1:784947:1:4/19/01
10789-140

### AS A FIRST AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

The Verified Complaint fails to state a cause of action against Defendant Morris Douglas Jaffe III upon which relief may be granted.

### AS A SECOND AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

The State of New York and its courts lack personal jurisdiction over Defendant Morris Douglas Jaffe III, who is a citizen and resident of the State of Texas.

### AS A THIRD AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

Plaintiff's service of process of the Summons and Complaint on Defendant Morris Douglas Jaffe III was improper and in violation of New York and Texas law.

### AS A FOURTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

Any injuries or damages sustained by Plaintiff, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence or culpable conduct of said Plaintiff and not as a result of conduct on the part of Defendant Morris Douglas Jaffe III.

### AS A FIFTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

Any injuries to Plaintiff were caused by the acts or omissions of third parties over which Defendant Morris Douglas Jaffe III had no control.

### AS A SIXTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

Any and all actions taken by Defendant Morris Douglas Jaffe III on or about June 18, 2004 in the club known as Marquee were done in self-defense of either Defendant Morris Douglas Jaffe III himself or others.

### AS A SEVENTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed expenses or other such economic loss, paid from any collateral source such as insurance.

### AS AN EIGHTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

In accordance with CPLR § 1601 et. seq., the liability of Defendant, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS A NINTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

In accordance with General Obligations Law § 15-108, if Plaintiff executes a release or a covenant not to sue for a tortfeasor in this action, Plaintiff's damages claim against this Defendant is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR § 1401 et. seq., whichever is greatest.

### AS A TENTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

### AS AN ELEVENTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

Plaintiff's claim for punitive damages against Defendant is in violation of New York law insofar as it does not allege any tort or harm against the public at large and is unconstitutional under the Constitution of the United States of America, and provisions of the New York State Constitution, insofar as it violates due process, equal protection and constitutes an excessive fine against Defendant.

### AS A TWELFTH AFFIRMATIVE DEFENSE, MORRIS DOUGLAS JAFFE III STATES:

The place of trial of this action designated by Plaintiff is an improper and inconvenient district because the majority of witnesses are located in the State of Texas.

**WHEREFORE**, Defendant, **MORRIS DOUGLAS JAFFE III**, demands judgment dismissing the Verified Complaint of the Plaintiff together with the costs and disbursements of this action.

Dated:   New York, New York
            November 1, 2004

                                                            Very truly yours,


                                                                s/ Christopher G. Campbell
                                                            Christopher G. Campbell, Esquire (CC 3940)
                                                            **PIPER RUDNICK LLP**
                                                            1251 Avenue of the Americas
                                                            New York, New York  10020-1104
                                                            (212) 835-6000

                                                            Attorneys for Defendant
                                                            **MORRIS DOUGLAS JAFFE III**


TO:   Barton L. Slavin, Esquire
        Slavin & Slavin, Esqs.
        305 Broadway, Suite 1204
        New York, New York  10007-1140
        (212) 233-1010